IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

|  |  |  |
|---|---|---|
| | ) | |
| IN RE THE MANAGEMENT AND | ) | GENERAL ORDER |
| ASSIGNMENT OF PRO SE CASES | ) | NO. 2020-01 |
| | ) | |

This general order provides for the management and assignment of cases filed by a plaintiff or petitioner without counsel. Accordingly,

IT IS ORDERED:

1.    This general order rescinds General Orders 2007-12 and 2013-02 and 2016-02.

### Definition of the Pro Se Docket

2.    The pro se docket consists of all civil cases in which no plaintiff or petitioner has counsel except as provided in paragraphs 3, 4, 5, 6, and 20.

3.    The following types of cases are never included in the pro se docket: criminal; forfeiture; death penalty; bankruptcy; social security; those involving motions to return property pursuant to Federal Rule of Criminal Procedure 41; and those involving motions to vacate a federal sentence (*i.e.*, 28 U.S.C. § 2255 motions).

4.    In addition, a case is not included in the pro se docket if, at the time of case opening:
    a.    all plaintiffs or petitioners are non-prisoners (*i.e.*, are not incarcerated);
    b.    all of the necessary filing fees have been paid in full; and
    c.    the clerk's office issued summons or provided summons forms to the plaintiff or petitioner.

The clerk's office will not assign a case to the pro se docket if all of these conditions are met at the time of case opening.

5.    Except for habeas corpus cases such as those brought under 28 U.S.C. §§ 2241 and 2254[1], the supervising pro se judge will enter a standard text-only order directing the clerk's office to remove a case from the pro se docket when any plaintiff in the case retains counsel, counsel enters an appearance, or the court appoints counsel. A case may be restored to the pro se docket if counsel is given leave to withdraw and no plaintiff is represented by counsel.

6.    The supervising pro se judge will enter a standard text-only order directing the clerk's office to remove a case from the pro se docket when the court has entered an order directing service of process and no plaintiff in the case is incarcerated.

7.    In accordance with the definition of the pro se docket set forth in the preceding paragraphs, a case may involve pro se litigants, but not be a part of the court's pro se docket.

8.    "Pro Se Docket" is listed as the "Referral Judge" in CM/ECF whenever a case is assigned to the pro se docket.

<u>Responsibilities of the Pro Se Law Clerks</u>

9.    The pro se law clerks' responsibilities are conterminous with the pro se docket, except as provided in paragraphs 10 and 11.

10.    The pro se law clerks are not responsible for pro se cases that have been set for trial following the entry of a pretrial conference order. However, the pro se law clerks will address any non-trial related motions that may be pending at the time of the pretrial conference.

11.    The pro se law clerks are not responsible for evidentiary hearings in pro se cases that are conducted by a magistrate judge, but will continue to handle all other matters in the case.

---

[1]For purposes of clarity, however, if a habeas corpus case is commenced by counsel for the petitioner, such a case is not included in the pro se docket.

12.   The chambers of the individual judges may relieve the pro se law clerks of responsibility for a particular case, or for a particular matter within a case. Such decisions will be made on an ad hoc basis and will be made jointly by the assigned judge and the supervising pro se judge.

## Management of Pro Se Cases

13.   Judge Kopf is the supervising pro se judge, and is assigned the overall responsibility for the management of cases assigned to the pro se docket.

14.   Magistrate Judge Zwart is the magistrate judge assigned to the pro se docket. Whenever a case is removed from the pro se docket, the clerk's office will assign a magistrate judge to the case in accordance with its established procedures for assigning magistrate judges in civil cases.

15.   Each district judge who is assigned a case included on the pro se docket retains decisional autonomy as to all aspects of the case except that Judge Kopf may enter orders consistent with his responsibility as supervisor of the pro se docket.

16.   The supervision of the pro se law clerks is delegated to Judge Kopf.

## Scheduling and Discovery in Pro Se Cases

17.   Except as provided in paragraphs 19 and 20, effective immediately, all pro se civil cases (where the plaintiff is proceeding without a lawyer) that are assigned to a district judge for trial, whether filed by a prisoner or not, are exempted from the disclosure and conference requirements of Federal Rule of Civil Procedure 26. *See, e.g.*, Fed. R. Civ. P. 26(a)(1)-(3) and (f).

18.   The court will not issue a scheduling packet in a pro se civil case assigned to a district judge. Instead, the court will issue a progression order, addressing discovery and other issues, approximately thirty days after the last defendant has answered. No discovery in pro se civil cases assigned to a district judge may take place until a progression order is entered unless the court's orders otherwise. Requests to engage in discovery before the court enters the progression order must be made by motion.

19.    Paragraphs 17 and 18 pertain to pending and future cases. If a scheduling order, scheduling packet, or progression order has already been issued in a pending case, the parties will abide by that scheduling or progression order.

20.    Paragraphs 17 and 18 do not pertain to the cases identified in paragraph 3 of this order; habeas corpus cases brought pursuant to 28 U.S.C. §§ 2241 or 2254; civil cases where the parties have consented to proceed before a magistrate judge and an order of reference has been entered; or cases where when one of the plaintiffs or petitioners has retained counsel and counsel has entered an appearance or the court has appointed counsel for one of the plaintiffs or petitioners.

Assignment of Pro Se Cases

21.    Pursuant to Nebraska General Rule 1.4(a)(1), the chief judge has determined that an adjustment should be made in the assignment of pro se cases.

22.    Effective immediately, all pending cases assigned to the pro se docket will be reassigned to Judge Kopf. In addition, all future pro se cases filed in this court will be directly assigned to Judge Kopf.

DATED this 27th day of January, 2020.

BY THE COURT:


*s/John M. Gerrard*
Chief United States District Judge