IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT CHRISTIAN ELLIOTT, c/o Brian Lee Young Will,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>OMAHA NEBRASKA HUMANE SOCIETY,  OMAHA POLICE OFFICER BADGE #2384 HETHINGTON, OMAHA POLICE STATION, and RONALD SCHLABS,<br><br>　　　　　　Defendants. | 8:21CV413<br><br><br>**MEMORANDUM AND ORDER** |

　　　　Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's pro se Complaint (Filing 1).

### I.  APPLICABLE STANDARDS ON INITIAL REVIEW

　　　　The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

　　　　Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

　　　　"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds

for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## II. DISCUSSION

A pleading that states a claim for relief must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Plaintiff's statement of his claim fails to meet this requirement. He merely lists the following events:

> 9-5-21 Humane Society first encounter, 9-7-21 Humane Society second encounter, 9-10-21 phone call from Humane Society staff, 9-11-21 5:32 pm email from Humane Society to get Shadow, 9-12-21 went to get Shadow & forced to pay fee, 9-15-21 12:10 pm Ronny left message on phone and Oct 1, 2021 email from Ronald Schlabs offering $250, Oct 4, 2021 phone call from Fraser Stryker demanding for continuance & to take an offer.

(Filing1 at 4)

Plaintiff alleges the amount in controversy is $75,000, and states he is "seeking maximum to cover fees paid to Humane Society, gas for transportation and mental damages and violation of human rights." (Filing 1 at 4.)

Plaintiff sues the Omaha Nebraska Humane Society, Omaha Police Officer Badge #2384 Hetherington, the Omaha Police Station, and Ronald Schlabs, the Humane Society's Director of Field Operations.

It appears from a supplemental filing that Shadow is a service animal who belongs or belonged to Brian Lee Young, and that Plaintiff is designated as the executor in a living will Young signed on August 13, 2021 (Filing 9), but no facts are alleged to show why Defendants might be liable to Plaintiff for damages.

Moreover, it is doubtful this court has subject-matter jurisdiction over Plaintiff's claim. Plaintiff generally alleges Defendants violated his rights under the First, Fifth, and Ninth Amendments. He also cites 42 U.S.C.§ 12131 (definitions section for Title II of the Americans with Disabilities Act), 28 C.F.R. § 17.32 (VA regulation dealing with advance directives), 28 C.F.R. § 35.136 (DOJ regulation dealing with service animals, implementing ADA Title II), and provisions of the Arkansas Rights of the Terminally Ill Act, Ark. Code Ann. Tit. 20, Subt. 2, Ch. 17, Subch. 2. (See Filing 1 at 3.)

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The subject-matter jurisdiction of the federal district courts is generally set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented (i.e., in a civil action arising under the Constitution, laws, or treaties of the United States) or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

Plaintiff alleges he is a Nebraska citizen and the Humane Society is a Nebraska corporation (see Filing 1 at 3-4), so this court cannot exercise "diversity of citizenship" jurisdiction under section 1332.

Subject-matter jurisdiction is proper under section 1331 when a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," the Constitution, or treaties of the United States. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). Under this type of jurisdiction, a plaintiff must allege that the defendants deprived him of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed under "color of state law" in order to bring a claim under 42 U.S.C. § 1983. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

The Humane Society and its Director of Field Operations are not state actors. To hold either of them liable under section 1983, Plaintiff "must establish not only that [they] caused a deprivation of constitutional rights, but that [they] willfully participated with state officials and reached a mutual understanding concerning the unlawful objective of a conspiracy." *Crawford v. Van Buren Cty.*, 678 F.3d 666,

3

670-71 (8th Cir. 2012) (quoting *Dossett v. First State Bank,* 399 F.3d 940, 951 (8th Cir. 2005*)); see Kellum v. Nebraska Humane Society*, No. 8:21CV36, 2021 WL 2210600, at *2 (D. Neb. June 1, 2021) (dismissing § 1983 claim for failure to allege conspiracy between Humane Society and county officers), *aff'd sub nom. Kellum v. Nebraska Humane Soc'y,* No. 21-2597, 2021 WL 6502191 (8th Cir. Aug. 27, 2021). Plaintiff's Complaint does not allege any facts showing there was a "meeting of the minds" between these private actors and a state actor to violate Plaintiff's rights. Indeed, there are no facts alleged to show there was a constitutional violation or a statutory violation.

The Omaha police officer is a state actor for purposes of 42 U.S.C. § 1983, but he is not alleged to have done anything to violate Plaintiff's rights. The Omaha Police Station is not a suable entity. *See Frazier v. City of Omaha Police Dep't*, No. 8:18CV539, 2019 WL 582122, at *2 (D. Neb. Feb. 13, 2019) (dismissing claims against Omaha Police and Fire Departments); *see also Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (city police department and paramedic services "are not juridical entities suable as such.... [t]hey are simply departments or subdivisions of the City government"). In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that a municipality, such as the City of Omaha, can be liable under 42 U.S.C. § 1983 if an "action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 691. If Plaintiff were to assert a § 1983 claim against the City of Omaha, he would need to allege sufficient facts to show that a violation of his rights resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016). An ADA claim might also be brought against the City, but no facts are stated in the Complaint to suggest there was any ADA violation.

## IV. CONCLUSION

Plaintiff's Complaint is subject to preservice dismissal under 28 U.S.C. § 1915(e)(2), but the court will give Plaintiff 30 days to file an amended complaint which states a claim upon which relief may be granted.

IT IS THEREFORE ORDERED:

1. All claims against Omaha Police Station are dismissed without prejudice, and it shall no longer be a party to this action.

2. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

3. In the event Plaintiff files an amended complaint, failure to consolidate all claims into one document may result in abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, prior pleadings.

4. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event Plaintiff files an amended complaint.

5. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **March 28, 2022**—amended complaint due.

6. The court must be kept informed of Plaintiff's current address at all times while this case is pending. Plaintiff's failure to keep the court so informed may result in dismissal of the case without further notice.

Dated this 25th day of February, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge